UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| ROBERT TASHBOOK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 06-109-DCR |
| ) | |
| V. ) | |
| ) | |
| UNITED STATES PRISON at BIG ) | **MEMORANDUM OPINION** |
| SANDY, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court for consideration of the letter [Record No. 31] filed by *pro se* Plaintiff Robert Tashbook ("Tashbook"). The Court construes the letter as a motion for relief under Federal Rule of Civil Procedure 60(b)(6). The motion will be denied for the reasons outlined below.

**I.    BACKGROUND**

Robert Tashbook is currently confined in Tucson-United States Penitentiary, which is located in the Tucson, Arizona. On May 31, 2006, Tashbook filed the instant civil action in which he asserted claims under 28 U.S.C. §1331and pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). At that time of his original filing, Tashbook was confined in the United States Penitentiary -Big Sandy ("USP-Big Sandy") which is located in Inez, Kentucky.

-2-

Tashbook sought a preliminary injunction prohibiting his transfer to a higher security federal prison. He then filed a series of letters challenging the conditions of his confinement at USP-Big Sandy. More specifically, he challenged his confinement in the segregated housing unit ("SHU") of the prison. Tashbrook also requested emergency injunctive relief in the form of an order directing the Bureau of Prisons ("BOP") to transfer him to a lower security federal prison.

By Memorandum Opinion and Order and Judgment entered on July 13, 2006 [Record Nos. 14 and 15], the Court dismissed Tashbook's civil action. The Court determined that Tashbook had not demonstrated that he had fully – or to some extent even partially – exhausted his BOP administrative remedies. In particular, he had not availed himself of the procedures for seeking emergency relief. Further, the Court concluded that even after considering the merits of the Plaintiff's claims, his circumstances did not justify emergency intervention by the Court.

Tashbook did not appeal the dismissal of his civil rights action. Instead, on October 17, 2008, he filed a letter seeking an accounting of all payments that the BOP has made on his behalf in this action and the "removal" of the dismissal of this action.[1] [Record No. 31] As to the latter request, Tashbook cites *Jones v. Bock*, 127 S. Ct. 910, 921 (2007) (a prisoner's failure to exhaust is an affirmative defense under the Prison Litigation Reform Act need not be specially pleaded in the prisoner's complaint), as authority.

---

1. The Clerk of the Court sent a letter [Record No. 31-1] to Tashbook in response to his request for a list of all payments made toward the filing fee in this matter. The letter advised Tashbook that the information would be sent to him upon compilation [*Id*].

**II. DISCUSSION**

To obtain relief from a judgment or order under Federal Rule of Civil Procedure 60(b), a movant must demonstrate that the order or judgment was entered as a result of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or fraud, misrepresentation, or other misconduct of the adverse party.[2] A motion for relief from a judgment requires that a party establish that the facts fall within one of these enumerated categories. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004).

Tashbook's Rule 60(b) motion fails for three reasons. First, *Bock, supra,* was not decided until January 21, 2007, six months *after* this action was dismissed. The July 13, 2006, Judgment dismissing Tashbook's complaint was a final, appealable Judgment from which Tashbook did not appeal. Tashbook is not entitled to retroactive application of the *Bock* decision. A change in decisional law is usually not, in and of itself, an "extraordinary circumstance" that would merit Rule 60(b)(6) relief. *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir.2001); *Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)"). Instead, courts have required an applicable change in law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief. *Blue Diamond Coal Co.*, 249 F.3d at 524.

*Bock, supra,* is not retroactively applicable to those prisoner cases that are not pending on direct review at the time of the Supreme Court's decision. *See Chambers Jacobs*, 2008 WL

---

2. There are other grounds set forth in Rule 60(b) which serve as a basis for relieving a party from a final judgment. None are applicable here.

2782891, *2 (E.D. Mich., 2008)(Slip copy); *Jacobs v. Wilkinson*, 529 F. Supp. 2d 804, 806-807 (N.D. Ohio, 2008); and *Copenhaver v. Michigan Dept. of Corrections*, 2008 WL 724340, * 2 (E. D. Mich. March 18, 2008). Therefore, Tashbook is bound by this Court's decision dismissing his claims for emergency injunctive relief relating to SHU confinement and the denial of his request seeking transfer to a lower security prison. As Tashbook's case was not pending on direct review at the time of the *Bock* decision, he is not entitled to relief from judgment pursuant to Rule 60(b)(6). *See Chambers v. Straub*, 2008 WL 2782891, at *2 (where plaintiff waited more than a year after Supreme Court issued its decision in *Bock* to file his motion for relief from judgment, he was not entitled to reopen case under Rule 60(b)(1)).

Second, even if *Bock* were applied retroactively, dismissal would still result. As the Fourth Circuit has held, even if it is not apparent from the pleadings that the prisoner failed to exhaust available administrative remedies, a complaint may be dismissed on exhaustion grounds if the inmate is first given an opportunity to address the issue. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Even in light of the Supreme Court's decision in *Bock, supra*, district courts are still authorized to dismiss a complaint where failure to exhaust is apparent from the face of the complaint. District courts are allowed *sua sponte* to inquire into whether a claim has been exhausted and dismiss the complaint after giving the inmate notice and an opportunity to address the issue. *See Anderson v. Donald*, 2008 WL 73672, at * 2 (11th Cir. Jan. 8, 2008), *cert. denied*, 2008 WL 552935 (Mar. 3, 2008); *Bell v. Holden*, 2008 WL 544679, at * 2 (M .D. La. Feb. 28, 2008) (citing *Tanner v. Fed'l Bureau of Prisons*, 475 F. Supp.2d 103, 105 (D.D.C.2007)) (adopting Magistrate Judge's Report and Recommendation).[3]

---

3. *See also Soler v. Bureau of Prisons,* 2007 WL 496472 (N .D. Fla. Feb. 12, 2007) ( nothing in *Bock* precludes the *sua sponte* dismissal of the complaint where it is clear from the pleadings that the prisoner has

Here, prior to dismissal, Tashbook was given an opportunity to demonstrate what, if any, steps he had taken to avail himself of administrative relief concerning his claim that he needed to be transferred to one type of federal prison but not another. [Record No. 3, p.2] Tashbook filed a response, but he was unable to produce evidence of full administrative exhaustion as required by 28 C.F.R.§§ 542.10-19. And in the July 13, 2006 Memorandum Opinion and Order, the Court explained why Tashbook's administrative exhaustion efforts fell short of the regulations' requirements. [Record No. 14, p. 8-9] Thus, even if applicable, *Bock, supra,* would not afford relief to Tashbook.

Third, when the Court dismissed this action on July 13, 2006, it explained to Tashbook that, because issues pertaining to transfers and classification status are left to the discretion of prison administrators, prisoners enjoy no constitutional entitlement to invoke due process claims relating to transfers. [Record No. 14] *See Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976) (inmates have neither protected liberty interests nor property interests in custodial classification). Thus, *even if* there were no preliminary procedural issues which controlled this case, Tashbook's claims concerning his demand not to be transferred to a lower rather than to a higher security prison would fail on the merits.

### III. CONCLUSION

Based on the forgoing discussion and analysis, it is hereby

---

failed to exhaust his administrative remedies); *Sanks v. Williams*, 2007 WL 3254368 (S.D. Ga. November 2, 2007) (slip op.) (same); *Colston v. Cramer,* 2007 WL 1655412 (E. D. Mich. June 07, 2007) (same); *Michowski v. Mathai*, 2007 WL 1500333 (E.D. Mich. May 23, 2007) (same); *Ghosh v. McClure,* 2007 WL 400648 (S. D. Tex. Jan. 31, 2007) (same).

-6-

**ORDERED** that Robert Tashbook's letter [Record No. 31], construed as a motion for relief under Fed. R. Civ. P. 60(b)(6), is **DENIED**.

This 21st day of October, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge