UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| ROBERT TASHBOOK, | ) |
| Plaintiff, | ) Civil Action No. 7: 06-109-DCR |
| V. | ) |
| UNITED STATES PRISON at BIG SANDY, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the "Motion to Set Aside Void Judgment" [Record No. 36] filed by *pro se* plaintiff Robert Tashbook. For the reasons discussed herein, the Court will deny his motion.

**Discussion**

Tashbook disputes the Court's June 8, 2006 Order, in which his initial filing was classified as a *Bivens* motion under 28 U.S.C. §1331. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) [*See* Order, Record No. 3]. This June 2006 Order addressed a May 2006 letter that Tashbook sent to the Court in which he challenged the conditions of his confinement and requested a preliminary injunction prohibiting his transfer to a higher-security federal prison.

After entering the June 8, 2006 Order in which the clerk of the Court was directed to file Tashbook's letter as Bivens motion, the Court issued a July 2006 Opinion and Order rejecting

Tashbook's challenges and dismissing his action for failure to exhaust administrative remedies. [Record No. 14] Subsequently, Tashbook sent another letter to the Court in which he requested "remov[al]" of his dismissal. [Record No. 31] Construing his letter as a motion for relief under Fed. R. Civ. P. 60(b)(6), the Court maintained the dismissal. [Record No. 32] Soon after, on December 30, 2008, Tashbook filed a "Motion for a Show Cause Order." [Record No. 33]

On December 31, 2008, the Court entered an Order advising Tashbook "that the Court is not inclined to address further pleadings/ requests filed by plaintiff." [Record No. 34]. Undeterred, Tashbook has now filed the instant motion, in which he argues that the Court erred in construing his May 2006 motion as a *Bivens* motion and assessing him the corresponding $350.00 filing fee. He contends that his submission was actually a petition for a writ of habeas corpus, for which only a $5.00 filing fee should have been assessed.

Tashbook's claim lacks merit. This action was dismissed and stricken from the Court's active docket on July 13, 2006. The plaintiff has the option to appeal, but his continued attempts to harass the Court with frivolous motions seeking post-judgment relief are of no avail. His initial May 2006 motion was a letter in which he essentially sought legal advice from the Court, complained about a pending transfer, and named no specific defendants. In that filing, Tashbook stated: "I am not appealing my sentence or conviction. I am not asking for money. I just want to be safe!!" [Record 1, p.1] He also sought injunctive relief by requesting that the Court prevent his transfer to another prison. In subsequent filings, Tashbook complained at length about the conditions of his confinement at USP-Big Sandy, where he was then confined. [Record Nos. 6, 10, and 12] Based upon all of this information, the Court was entirely justified

in construing Tashbook's collective filings as a *Bivens* civil action seeking injunctive relief, not as a § 2241 habeas petition challenging the manner in which his sentence was being executed (*i.e.*, the calculation of sentence credits).

The Court will not reconsider any of the Orders entered on July 13, 2006, including the Order which granted Tashbook pauper status, assessed the $350.00 filing fee, and required Tashbook to make periodic installment payments toward the filing fee. [Record No. 16] Accordingly, it is hereby

**ORDERED** that Plaintiff Robert Tashbook's "Motion to Set Aside Void Judgment" [Record No. 36], is **DENIED AS FRIVOLOUS**.

This 11th day of March, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge