UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| ROBERT TASHBOOK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 06-109-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES PRISON at BIG SANDY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

*Pro se* Plaintiff Robert Tashbook has filed a letter with the Clerk of the Court in which he continues to object to classification of this proceeding as a civil rights action under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 47] Construed broadly, Tashbook seeks post-judgment relief under Fed. R. Civ. P. 60(b)(6).[1] However, the construed motion is without merit and will be denied.

**I.**

On May 31, 2006, Tashbook sent a one-page letter to the Clerk of the Court seeking a restraining order to prevent his transfer from USP-Big Sandy, claiming that he would likely be killed if he were transferred to another federal prison. He asked the Clerk to tell him how to

---

1   Tashbook prefaces his letter by stating "I don't know who to file this with or how to file, so I am just sending this to you with the hope that you will 'loosely construe' this request and direct it appropriately. (I realize that Judge Reeves 'is not inclined to address further pleadings/requests filed by plaintiff,' so perhaps we should leave him out of this.)." [Record No. 47, p. 1]

proceed, stating ". . . the staff attorney will reject it if I send the wrong stuff." [Record No. 1] The Court then entered a Deficiency Order, classifying the proceeding as a *Bivens* action under 28 U.S.C. §1331, and explaining what steps Tashbook should take. [R. 3].

In June 2006, Tashbook filed a motion and two handwritten submissions in which he: (1) sought a transfer to a lower security prison facility; (2) challenged the decision to place him in the segregated housing unit ("SHU") of USP-Big Sandy; (3) challenged the length of his confinement in the SHU; and (4) complained about the specific conditions of his confinement in the SHU, *i.e.*, the imposition of lock-downs and the reduced supply of food and writing pens in the SHU. [Record Nos. 6, 10, & 12] He also argued that the re-classification was improper, even though in his initial letter he had claimed ignorance of how to proceed in this case.

On July 13, 2006, the Court denied Tashbook's request to re-classify the action as a petition under 28 U.S.C. § 2241. The Court also dismissed the action and denied Tashbook's request for emergency injunctive relief because he had neither administratively exhausted his claims nor demonstrated a substantial likelihood of success of the merits of his constitutional claims. [Record No. 14] The Court also determined that Tashbook's placement in the SHU did not violate his Fifth Amendment right to due process and was not an atypical and significant hardship in violation of the Eighth Amendment. [*Id.*, pp. 9-11]. By separate Order, the Court granted Tashbook pauper status, assessed the $350.00 filing fee and an initial partial filing fee, and ordered periodic payments to be deducted from his federal inmate account. [Record No. 16]

In March 2009, Tashbook filed a motion seeking post-judgment relief, arguing that his 2006 initiating document should have been characterized as a habeas petition under 28 U.S.C.

§ 2241 instead of a *Bivens* complaint, noting that the former requires only a $5.00 filing fee and the latter requires a $350.00 filing fee. [Record No. 36] The Court denied that motion. [Record No. 37] On appeal, the Sixth Circuit denied Tashbook pauper status [Record No. 44], and subsequently dismissed the appeal for failure to pay the appellate filing fee. [Record No. 46]

Tashbook now alleges that similar claims asserted by Karl Alan White – another federal prisoner – were treated as a § 2241 petition instead of a *Bivens* Complaint. *See White v. Berkebile*, U.S. Dist. Ct., E.D. Ky., Southern Div. at Pikeville, Civil No. 7: 11-048-KSF. White challenged his BOP security classification because it caused him to be confined in a higher security-level prison. However, the Court dismissed his claims for lack of administrative exhaustion. *Id.*, 2011 WL 1868973 (E. D. Ky., May 16, 2011). Tashbook asserts that because White's claims were characterized as falling under § 2241, he should be ". . . treated the same as others." [Record No. 47, p. 3] Tashbook also alleges that he has been beaten at USP-Tucson, where he is now confined.

## II.

Federal Rule of Civil Procedure 60(b)(6) provides relief from a judgment only in the unusual and extreme situation when "principles of equity" mandate relief. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Principles of equity do not mandate relief in this case.

Five years ago, the Court thoroughly considered Tashbook's claims and determined that, because he had not demonstrated a substantial likelihood of success on the merits of his underlying constitutional claims, it could not enjoin USP-Big Sandy officials from transferring

3

him to another prison. While the Clerk listed Tashbook's initial filing as a 28 U.S.C. § 2241 petition, the final determination of how legal claims are classified rests with the Court, not the Clerk. Although Tashbook remains dissatisfied with the dismissal of his case and the assessment of the $350.00 filing fee, he was afforded due process.

As explained in prior orders, classifying this proceeding as a *Bivens* action was proper. In addition to objecting to a potential transfer, Tashbook also complained about the decision to place him in the SHU (presumably to protect him from the other inmates' alleged threats), the length of his detention in the SHU, lock-downs in the SHU, and limited amounts of food and writing pens in the SHU. Constitutional claims challenging the conditions of a prisoner's confinement, such as the claims Tashbook asserted, must be brought in a civil rights action, not a habeas proceeding under 28 U.S.C. §2241. *Martin v. Overton*, 391 F.3d 710,714 (6th Cir. 2004). And this determination does not depend on whether the inmate seeks monetary or injunctive relief. *See Nelson v. Campbell*, 541 U.S. 637, 634 (2004); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*).

Had the Court improperly treated Tashbook's filings as a collective §2241 habeas petition, it would have been required to dismiss the "petition" under *Martin v. Overton, supra,* and to instruct him to file a separate civil rights action challenging a transfer and/or the conditions of his SHU confinement.[2] Consequently, Tashbook would have then been required

---

2   Further, Tashbook had not exhausted any of his claims (including his emergency claim alleging bodily injury if transferred) through the Bureau of Prisons' ("BOP") administrative remedy process. *See* 28 C.F.R. § 542.13-19. In 2006, as now, federal prisoners were required to fully exhaust the available BOP administrative remedies before filing a petition seeking habeas relief under 28 U.S.C. § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (*per curiam*).

4

to pay the $350.00 filing fee in the new action, or seek pauper status and make periodic payments from his inmate account, which is what was ordered in this case, absent the circuitry.

Because Tashbrook's claims fell under *Bivens*, the Court properly assessed the $350.00 filing fee and ordered partial payments to be deducted from his federal inmate account. Title 28 of the United States Code, § 1915(b)(1), requires the assessment of the $350.00 filing fee and collection of an initial partial filing fee in all prisoner cases; however, § 1915(b)(2) permits payment of the remainder of the filing fee in periodic installments from the inmate's trust account under certain financial conditions. The assessment is mandatory. It is not contingent on whether a civil rights complaint survives initial screening under 28 U.S.C. §§ 1915(e) or 1915A.

Further, Petitioner White's case is distinguishable. White was not seeking emergency injunctive relief. Instead, his primary challenge involved his BOP security classification.[3] White was specifically advised that if he sought a transfer from USP-Big Sandy because of potential gang violence, "he must do so in a separate civil action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) . . . White cannot seek relief from the conditions of his confinement in a § 2241 petition. . . . ." *White*, 2011 WL 1868973 at * 5 (citations omitted).

Finally, this Court has dismissed other § 2241 petitions in which federal prisoners either objected to or requested transfers to other federal prisons, finding that such claims – some of

---

3 White claimed that USP-Hazelton officials had "fraudulently assigned him a greater security management than was warranted." White, *supra*, at p. 6. [*See* Record No. 2-2.] In his prior October 2010 "Request for an Informal Resolution," White objected to his security classification, arguing that it should have been "14." *Id.*, pp. 2-4. [*See* Record No. 2-1.]

which were based on perceived personal safety concerns – could only be properly asserted in a *Bivens* action.  *See McCray v. Rios*, U.S. Dist. Ct., E.D. Ky., Southern Div. at Pikeville, Civil No. 7: 08-206-ART, 2009 WL 103602, at *4 (Jan. 14, 2009); *Cosgrove v. Rios*, U.S. Dist. Ct., E.D. Ky., Southern Div. at Pikeville, Civil No. 08-109-KKC, 2008 WL 4410153, at *2 (Sept. 19, 2008); *McCray v. Rios*, U.S. Dist. Ct., E.D. Ky, Southern Div. at Pikeville, Civil No. 08-21-KKC (Feb. 13, 2008).  Other courts have concluded that claims challenging transfers and other prison conditions fall outside of the cognizable core of habeas corpus relief and must be asserted in a civil rights action.  *Lutz v. Hemingway*, 476 F. Supp.2d 715, 718 (E. D. Mich. 2007).  For these reasons, the Court will not reconsider or set aside any prior order, including the Order assessing the $350.00 filing fee and requiring periodic installment payments to be deducted from Tashbook's inmate account.

## III.

Based on the foregoing analysis, it is hereby

**ORDERED** that Plaintiff Robert Tashbook's construed motion seeking relief under Federal Rule of Civil Procedure 60(b)(6) [R. 47] is **DENIED**.

This 15th day of July, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge